## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

CAROLYN SUE LAWSON, as the )
Personal Representative for the )
Estate of JOHN FITZGERALD PERRY, )
deceased, )
       )
           Plaintiff, )
       )
vs. )      Case No. 15-CV-300-FHS
       )
OKMULGEE COUNTY CRIMINAL )
JUSTICE )
AUTHORITY, a public trust, )
NURSE T. WEST, LPN, JOHN F. )
MUMEY, M.D., NURSE FREEMAN, LPN, )
STATE OF OKLAHOMA ex. rel., )
OKLAHOMA DEPARTMENT OF )
CORRECTIONS, LINDSAY MUNICIPAL )
HOSPITAL, and ROSS LANE FISHER, )
M.D., )
       )
           Defendants. )

## OPINION AND ORDER

This matter comes before the Court on the Defendant, Lindsay Municipal
Hospital's (LMH), Motion to Dismiss (Dkt. # 21). Plaintiff filed her response on January
22, 2016 (Dkt. # 29) and Defendant filed a reply on February 5, 2016 (Dkt. # 35). The
Court notes that an Amended Complaint was filed herein on January 8, 2016 prior to
Defendant filing its motion on the same day. Rule 15(a) of the Federal Rules of Civil
Procedure allows a party to amend its pleading once as a matter of course within 21 days
after serving it or within 21 days after service of a responsive pleading. Fed.R.Civ.

15(a). An amended complaint supersedes the original complaint and, is therefore, the only effective complaint in the case. *Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, *733-734, 2005 WL 3515716 at *1 (10th Cir. 2005)(citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Defendant's Motion to Dismiss refers, however, to allegations contained in the original complaint (Dkt. # 3) as opposed to the amended complaint (Dkt. # 19). A careful review of the both complaints reveals that the only difference between the two complaints is the style or caption of the case and paragraph 6 which relates to another party in the case.[1] Since the substantive claims against Defendant LHM have not changed, this Court will consider the arguments made within the motion to dismiss as they relate to the allegations contained within the amended complaint.

## STANDARD OF REVIEW

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. However, "when the allegations in a complaint, however true,

---

[1] Plaintiff's Amended Complaint substitutes the Okmulgee County Criminal Justice Authority, a public trust, in place of Eddy Rice, Sheriff of Okmulgee County, in his individual and official capacities, throughout the Amended Complaint. Also, all references within the original complaint to the Okmulgee County Jail have been replaced with the Okmulgee County Criminal Justice Authority.

could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballilstreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

<u>LEGAL ANALYSIS</u>

In her amended complaint, Plaintiff, as the personal representative of John Fitzgerald Perry, brings a single claim against LMH alleging that LMH's alleged negligence constitutes a violation of Art. II, §§ 7 and 9 of the Oklahoma Constitution. According to the amended complaint, LMH is an Oklahoma public trust which contracts with the Oklahoma Department of Corrections ("DOC") to provide certain medical services to DOC inmates and, therefore, "LMH became an agency or instrumentality of the State making it subject to its constitutional limitations." Dkt. # 19 at ¶ 11.

Defendant LMH argues Oklahoma law does not recognize a private right of action for Plaintiff's constitutional claims because there was an available cause of action under the Oklahoma Governmental Tort Claims Act ("OGTCA"). Moreover, Defendant LMH argues Plaintiff's claims are barred by the one (1) year limitation period of 12 O.S. §95(A)(11). To the extent Plaintiff is alleging negligence claims, Defendant LMH argues they are barred due to Plaintiff's failure to provide notice under the OGTCA. Finally, Defendant LMH argues punitive damages are barred under the OGTCA.

Plaintiff, on the other hand, argues the since LMH was "under contract with DOC to provide certain medical services to DOC inmates," her claim arose from the

"[p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility . . . .," and, therefore, like the plaintiff in *Bosh v. Cherokee Building Authority*, 305 P.3d 994 (Okla. 2013), Plaintiff did not have a viable claim under the OGTCA.

The OGTCA has long been held to be the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under this act, "[g]overnmental accountability is extended to torts for which a private person would be liable, unless they are committed outside of the course and scope of employment or unless they are committed in bad faith or in a malicious manner." *Id*.

The OCTCA waives governmental immunity for losses resulting from the torts of a governmental entity or its employees acting within the scope of their employment subject to specific limitations and/or exceptions. 51 O.S. § 153(A). A state or political subdivision is not liable if the loss or claim results from the provision, equipping, operation or maintenance of a prison. 51 O.S. § 155(25). In *Bosh*, however, the Oklahoma Supreme Court recognized a private cause of action under Okla. Const. art. 2, § 30 for claims of excessive force against a municipality making the entity liable for the actions of their employees where those employees are acting within the scope of their employment. The Courts have not, however, expanded the provisions of *Bosh* to constitutional claims other than excessive force. See*, e.g., Snow v. Board of County Commissioners of the County of McClain*, 2014 WL 7335319, at *3 (W.D.Okla. Dec. 19, 2014) and *Payne v. Oklahoma*, 2015 WL 5518879 (E.D.Okla. Sept. 17, 2015). *Contra*, *GJA v. Oklahoma Dept. of Human Services*, 347 P.3d 310 (Okla. Civ. App.

2015)(interpreting *Bosh* as providing a cause of action in order to protect against violations of constitutional rights and guarantees in general rather than being limited to the specific constitutional right involved in *Bosh* while recognizing "[N]ot every malfeasance, misfeasance, or nonfeasance rises to the level of a violation of constitutional rights.") Further, a claim under the Oklahoma State Constitution is only available where plaintiff has no other recourse. *Perry v. City of Norman*, 341 P.3d 689, 692 (Okla. 2014).

In this case, LMH is a hospital and the activities undertaken by LMH were those normally performed by a hospital, *i.e.,* examining and/or treating patients. As such, the claim arose from day-to-day activities taken in the course of the operation of the hospital as opposed to activities undertaken in the operation of a prison. None of the allegations against LMH occurred within the prison. Moreover, none of the individuals who allegedly committed negligence were prison officers or employees. Rather, the allegations against LMH are totally independent of the "operation" of the prison. Therefore, this Court finds plaintiff had an available cause of action under the OGTCA. Claims under the OGTCA are forever barred unless presented within one (1) year after the loss occurs. Since Plaintiff has not alleged compliance with the OGTCA, this Court finds plaintiff's negligence claims against LMH must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. Additionally, plaintiff's allegations of negligence do not rise to the level of a constitutional violation. Accordingly, LMH's Motion to Dismiss (Dkt. # 21) is hereby granted.

It is so ordered on this 13th day of May, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma