IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN SUE LAWSON, as the Personal Representative for the Estate of JOHN FITZGERALD PERRY, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-CV-300-FHS |
| OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, a public trust, NURSE T. WEST, LPN, JOHN F. MUMEY, M.D., NURSE FREEMAN, LPN, STATE OF OKLAHOMA ex. rel., OKLAHOMA DEPARTMENT OF CORRECTIONS, LINDSAY MUNICIPAL HOSPITAL, and ROSS LANE FISHER, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on the Defendants' (Nurse West and Nurse Freeman) Motion to Dismiss (Dkt. # 40) and Defendant Okmulgee County Criminal Justice Authority's ("OCCJA") Motion to Dismiss (Dkt. # 50). Plaintiff filed her responses on March 9, 2016 (Dkt. # 46) and April 6, 2016 (Dkt. # 46). Defendants replied respectively on March 23, 2016 (Dkt. # 49) and April 20, 2016 (Dkt. # 61).

Defendants seek dismissal of this action for several reasons. First, Defendants West and Freeman argue they have not been properly served and any further attempts to properly serve them would be outside the time limits contained within Fed.R.Civ.P. 4(m).

Second, each of the defendants assert the claims are barred by the applicable statute of limitations and Plaintiff has failed to state an actionable claim for deliberate indifference to serious medical needs under either the Eighth Amendment to the United States Constitution or Okla.Const.Art. II, §§ 7 and 9. Finally, Defendants West and Freeman argue they are entitled to qualified immunity for Plaintiff's § 1983 claims.

## LEGAL ANALYSIS

I. Sufficiency of service

On December 1, 2015, the Federal Rules of Civil Procedure were amended.[1] In particular, Rule 1 now provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in rule 81. They should be construed, administered, and employed *by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding. (emphasis added)

The Advisory Committee Notes accompanying this rule says the purpose of the amendment is "to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed.R.Civ.P. 1 advisory committee's note.

In this case, as Plaintiff points out, the defendants received **actual notice** of these proceedings. While Plaintiff had no way to ascertain the home address for these defendants, she served them by certified mail "c/o Okmulgee County Sheriff's Office"

---

[1] The Court recognizes this action was originally filed prior to December 1, 2015. The amended rules, however, govern all proceedings pending on December 1, 2015.

and "c/o Okmulgee County Criminal Justice Authority." To the extent both defendants have retained counsel and have timely responded to the allegations made in the amended complaint, this Court finds the service of process herein was adequate to meet the requirements of due process. Moreover, based on the limited information Plaintiff had about the identity of these two defendants, this Court finds a permissive extensive of time to obtain service was warranted. When this argument is considered in light of the purpose of Rule 1 of the Federal Rules of Civil Procedure, this Court would caution the attorneys on filing frivolous arguments which are designed to increase the cost of these proceedings. Accordingly, this Court finds service upon Defendants West and Freeman was sufficient.

II. Statute of Limitations

Plaintiff's Amended Complaint (Dkt. #19) alleges Defendants West, Freeman, the OCCJA and others violated John Perry's Eighth and Fourteenth Amendment rights by failing to promptly assess and evaluate his physical health and failing to appropriately diagnose and/or properly treat his serious medical condition while he was incarcerated within the Okmulgee County Jail. According to the facts contained within the Amended Complaint, Mr. Perry was booked into the Okmulgee County Jail on December 9, 2010. He was subsequently transferred from the Okmulgee County Jail to the Oklahoma Department of Corrections, Lexington Assessment and Reception Center, on September 8, 2011.

Since there is no applicable federal statute of limitations relating to civil rights actions brought under § 1983, the time within which such action must be brought is

3

determined by the laws of the state where the cause of action arose. *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir. 1970). The Tenth Circuit has held, as a matter of law, all § 1983 claims are "in essence an action for injury to personal rights." *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). Under the analysis in *Garcia*, the most analogous Oklahoma statute is the two-year limitations period for an injury to the rights of another. *Abbitt v. Franklin*, 731 F.2d 661, 663 (10th Cir. 1984). *See also*, Okla.Stat.tit. 12, § 95(3). As a result, the appropriate statute of limitations in this case is two years.

While the two year limitations period governing a § 1983 claim is a creature of state law, federal law dictates when the action accrues. *Smith v. City of Enid, by and through the Enid City Commission*, 149 F.3d 1151, 1154 (10th Cir. 1998). Because the injury in a § 1983 case is a violation of a constitutional right, the claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id*. (quoting *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994)). To ascertain the date the statute of limitations began to run, this court must identify the constitutional violation and determine at what point in time the violation occurred. *Id*.

To the extent Plaintiff claims Mr. Perry's constitutional right to be free from cruel and unusual punishment in violation of the Eighth and/or Fourteenth Amendments to the United States Constitution was violated throughout Mr. Perry's incarceration at the Okmulgee County Jail, there is no singular accrual date for these claims. The latest date these claims could have accrued against Defendants West, Freeman, and the OCCJA, however, occurred on the date of his release from the Okmulgee County Jail on

4

September 28, 2011. As a result, a lawsuit alleging federal constitutional violations by these defendants should have been filed no later than September 28, 2013. The complaint was not filed herein until August 10, 2015.

Despite filing a claim for relief under 42 U.S.C. § 1983, Plaintiff argues the claims are not barred by the two year statute of limitations applicable to § 1983 claims. According to plaintiff, the claim is a "wrongful death" claim and is, therefore, governed by Oklahoma's wrongful death statute. Under Oklahoma's wrongful death statute, the limitation period begins to run on the date of death. *Kimberly v. DeWitt*, 606 P.2d 612, 616 (Okla.Civ.App. 1980). This Court finds, however, because Plaintiff brought the claims in her first cause of action pursuant to 42 U.S.C. § 1983, the alleged injury is for an alleged violation of Perry's constitutional rights while incarcerated within the Okmulgee County Jail, not his death. As a result, this Court finds the federal constitutional claims against Defendants West, Freeman, and the OCCJA are barred by the statute of limitations.

Plaintiff's second cause of action alleges violations of Art. II, §§ 7 and 9 of the Oklahoma Constitution. These claims should have been filed no later than September 28, 2012. *See*, Okla.Stat.tit. 12, § 95(A)(11) which requires all actions by an inmate or by a person based upon facts that occurred while the person was an inmate within one (1) year after the cause of action shall have accrued. Accordingly, this Court finds the state constitutional claims against Defendants West, Freeman, and the OCCJA are also barred by the statute of limitations.

III. <u>Failure to State a Claim</u>

To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Still, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballilstreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

The rights of pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause; for a § 1983 claim, the protections given pretrial detainees are the same as those given to convicted prisoners under the Eighth Amendment. A plaintiff states a cognizable Eighth Amendment claim for denial of medical attention if he "allege[s] acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.s. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Claims of deliberate indifference contain both an objective and subjective component. *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) and *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir 1999). The objective component requires proof

that the condition was "sufficiently serious." *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Tenth Circuit has held "[a] medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Al-Turki, supra* (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). In *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005), the circuit court said

> a 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 124 (10th Cir. 1999)(further quotation omitted)). Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim. *See*, *e.g., Green v. Branson,* 108 F.3d 1296, 1303 (10th Cir. 1997).

*See also*, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

To satisfy the subjective component, *i.e.,* the requisite deliberate indifference, the plaintiff must show that the defendant knew that the plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). *See*, *GJA v. Oklahoma Dept. of Human Services*, 347 P.3d 310 (Okla.Civ.App.

2015)(recognizing "Not every malfeasance, misfeasance, or nonfeasance rises to the level of a violation of constitutional rights.")

Assuming for purposes of argument, that the statute of limitations did not pose a bar to Plaintiff's claims, this Court finds that the allegations against Defendants West, Freeman, and the OCCJA do not rise to the level of a constitutional deprivation. According to the amended complaint, when Mr. Perry was booked into the jail, he was seen by a nurse who noted he had a "nodule" on the right side of his neck, below the right ear. Thereafter, on December 28, 2010, another jail nurse noted he was having headaches and had a "lump" on the back of his neck. Approximately a week later, Mr. Perry was seen by a doctor who formulated a "plan" to "drain" the lump. Mr. Perry continued to see this doctor and nurses within the jail who tried allergy/cold medicines and continued Ibuprofen. The fact the treatment may have been negligent, it does not state a claim for deliberate indifference. Therefore, this Court finds Plaintiff has failed to state a claim for relief under either the United States Constitution or the state constitution.

## CONCLUSION

For the reasons stated herein, this Court finds this this action should be dismissed with prejudice against Defendants West, Freeman and the OCCJA.

It is so ordered on this 13th day of May, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma