IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN SUE LAWSON, as the Personal Representative for the Estate of JOHN FITZGERALD PERRY, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, a public trust, NURSE T. WEST, LPN, JOHN F. MUMEY, M.D., NURSE FREEMAN, LPN, STATE OF OKLAHOMA ex. rel., OKLAHOMA DEPARTMENT OF CORRECTIONS, LINDSAY MUNICIPAL HOSPITAL, and ROSS LANE FISHER, M.D.,<br><br>Defendants. | Case No. 15-CV-300-FHS |

**OPINION AND ORDER**

This matter comes before the Court on the Defendant Dr. Ross Lane Fisher's Motion to Dismiss (Dkt. # 64). Plaintiff filed her response on May 12, 2016 (Dkt. # 65).

Defendant Fisher seeks dismissal of this action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for deliberate indifference under the Eighth Amendment. Alternatively, Defendant Fisher seeks qualified immunity. Finally, Defendant Fisher argues Plaintiff has failed to state a *Bosh* claim[1] because any such claims are barred by Oklahoma's statute of limitations. Plaintiff responds that she

---
[1] *See, Bosh v. Cherokee Cnty, Bldg. Auth.*, 305 P.3d 994 (Okla. 2013).

has stated sufficient facts to establish Defendant Fisher violated Mr. Perry's Eighth Amendment rights. Additionally, Plaintiff argues Defendant Fisher is not entitled to qualified immunity. Finally, Plaintiff asserts she does not have an available claim under the Oklahoma Governmental Tort Claims Act and, therefore, her *Bosh* claim is viable and should not be dismissed. Moreover, Plaintiff alleges her *Bosh* claim is not barred by the one year limitation period contained in Okla.Stat., tit. 12, § 95(A)(11).

To avoid dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In order to state a cognizable Eighth Amendment claim for denial of medical attention, a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Claims of deliberate indifference contain both an

objective and subjective component. *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) and *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). The objective component requires proof that the condition was "sufficiently serious." *See, Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Tenth Circuit has held "[a] medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Al-Turki, supra* (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). In *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005), the circuit court said

> a 'medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)(further quotation omitted)). Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim. *See*, *e.g.*, *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997).

*See also*, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

To satisfy the subjective component, *i.e.*, the requisite deliberate indifference, the plaintiff must show that the defendant knew that the plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate

3

it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). *See, GJA v. Oklahoma Dept. of Human Services*, 347 P.3d 310 (Okla.Civ.App. 2015)(recognizing "Not every malfeasance, misfeasance, or nonfeasance rises to the level of a violation of constitutional rights.").

I. Eighth Amendment Claim

Plaintiff's amended complaint alleges, at the time of his transfer to Lexington Assessment and Reception Center ("LARC"), Perry had a "golf ball-sized lump or mass under on [sic] his neck under his right ear." Dkt. No. 19, at p. 5. Plaintiff further assesrts "medical staff at LARC, including Defendant Fisher, did nothing to determine whether the lump was malignant." *Id.*, at p. 6. Plaintiff continues by stating:

> Medical staff at LARC gave Mr. Perry a chest X-Ray and determined that there was a "spot" on Mr. Perry's lungs. On information and belief, Dr. Fisher was aware of the spot found on Mr. Perry's lungs. However, medical staff, including Dr. Fisher, at LARC did nothing to provide proper pathology or diagnosis. There was no follow-up whatsoever. Indeed, Mr. Perry was not even placed in the medical unit at LARC. Mr. Perry was at LARC for approximately four (4) weeks, and was provided with no medical treatment despite the obvious symptoms that he was suffering from a serious medical condition. Mr. Perry continued to feel very sick and his condition continued to deteriorate. However, he was not provided with diagnostics or adequate treatment.

*Id*. Mr. Perry was transferred from LARC in October of 2011 and there are no allegations that Defendant Fisher had any further contact with Plaintiff until sometime after June 2013. Plaintiff's amended complaint does not indicate when Mr. Perry began radiation treatment at OU Medical Center where he stayed for around thirty (30) days. However, after his stay at OU Medical Center, the amended complaint indicates Mr. Perry was returned to LARC. Finally, the amended complaint alleges upon his return to

4

LARC, Mr. Perry was not placed in the medical unit, he became dehydrated and began blacking out and he died of cancer on August 8, 2013.

Nothing within the amended complaint indicates that the "golf ball-sized lump or mass" on Mr. Perry's neck and the "spot" on his lung were related. Accepting the Plaintiff's allegations as true and knowing the ultimate diagnosis, this Court finds that the lump and/or the spot on Mr. Perry's chest x-ray meets the objective standard as a serious medical need.

As to the subjective standard, this Court finds Plaintiff has failed to allege any facts to establish Defendant Fisher 1) was ever made aware of the results of the chest x-ray, or 2) was Mr. Perry's treating physician at the time of intake at LARC. Plaintiff does not allege that Defendant Fisher was aware of any of Perry's companion symptoms which are alleged to have occurred after Perry was transferred to another facility. While Plaintiff alleges during the initial 4 week incarceration at LARC Perry "continued to feel very sick" and his "condition continued to deteriorate", there is no allegation that Perry submitted sick calls or expressed any physical complaints until he was transferred from LARC. There are no allegations that Defendant Fisher knew during this initial 4 week period that Plaintiff was feeling "very sick" or that Defendant Fisher was in any way responsible for any medical care after Perry was transferred out of LARC. Plaintiff does not allege Defendant Fisher examined Mr. Perry, reviewed Mr. Perry's medical records or history, consulted with other LARC providers concerning Perry's care, or that Mr. Perry discussed or shared any of his symptoms with Defendant Fisher. There are simply no allegations or facts to imply that Defendant Fisher made the inference that Perry's

symptoms needed immediate treatment. Further, there are no allegations Defendant Fisher refused access to medical personnel capable of evaluating Perry's needs or prevented Perry from receiving medical care. At best, Plaintiff may have stated a claim for negligence or medical malpractice if, accepting as true, Defendant Fisher was "aware" of a spot on Perry's x-ray but conducted no follow-up.

As for the allegations regarding Mr. Perry's placement at LARC after his radiation treatment, there are no facts which establish placement in the medical unit was necessary. There are no allegations that OU Medical Center recommended, upon release of Perry, placement in a medical facility; on the contrary, OU Medical Center released Mr. Perry back to the Oklahoma Department of Corrections. Moreover, there are no allegations from which this Court could find Defendant Fisher inferred placement in the medical unit was appropriate. In fact, there are no allegations that Defendant Fisher was ever made aware that Mr. Perry had been returned to LARC or was "coughing up blood." Therefore, this Court finds Plaintiff has failed to establish Defendant Fisher was deliberately indifferent to Mr. Perry's serious medical needs. Therefore, this Court finds Plaintiff has failed to state a claim an Eighth Amendment claim against Defendant Fisher for deliberate indifference to serious medical needs.

II. *Bosh* claim

In her second claim for relief, Plaintiff alleges violation of Art. II, § 9 and Art. II, § 7 of the Oklahoma Constitution. Since this Court finds Plaintiff's claims do not state a claim for deliberate indifference to serious medical needs, Plaintiff has failed to state a claim for relief pursuant to *Bosh v. Cherokee Building Authority*, 305 P.3d 994 (Okla.

6

2013). Moreover, Plaintiff's *Bosh* claims are barred by Oklahoma's one year limitations period for claims against the state based on facts which occurred while a person was an inmate. *See*, Okla.Stat., tit. 12, § 95(A)(11). *See also*, *Fisher v. Glanz*, 2016 WL 141846, 8 (N.D. 2016)(holding Okla.Stat., tit. 12, § 95(a)(11) "trumps the more general § 95(A)(3) when a state constitutional claim is brought by an inmate or based upon facts that occurred while the person was an inmate in state custody").

For the reasons stated herein, this Court grants Defendant Fisher's motion to dismiss (Dkt. No. 64), pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim for relief.

It is so ordered on this 20th day of July, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma