IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN SUE LAWSON, as the Personal Representative for the Estate of JOHN FITZGERALD PERRY, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-CV-300-FHS |
| OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, a public trust, NURSE T. WEST, LPN, JOHN F. MUMEY, M.D., NURSE FREEMAN, LPN, STATE OF OKLAHOMA ex. rel., OKLAHOMA DEPARTMENT OF CORRECTIONS, LINDSAY MUNICIPAL HOSPITAL, and ROSS LANE FISHER, M.D., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On July 18, 2016, this Court entered a show cause order directing Plaintiff to show cause within fourteen (14) days why Defendant John F. Mumey, M.D. should not be dismissed for the reaosns stated in the Order dismissing Defendants West, Freeman, and OCCJA (Dkt. No. 69). Additionally, Plaintiff was directed to show cause why this action should not be dimsissed against Defendant Mumey for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Id.* On August 1, 2016, Plaintiff filed a response in which she states dismissal is not properly before the Court because Dr. Mumey is in default (Dkt. No. 71). Additionally, Plaintiff argues the claims are not barred by the applicable statute of

limitations.  *Id.*  Finally, Plaintiff argues this Court should not dismiss the action under Fed.R.Civ.P. 41(b) because it is the Defendant who has filed to comply with the Federal Rules of Civil Procedure and not the Plaintiff.  *Id.*

In a very detailed Order entered herein on May 13, 2016, this Court held the statute of limitations were barred on Plaintiff's claims against Defendants West, Freeman, and the OCCJA because the statute of limitations had expired on both Plaintiff's federal and state constitutional claims.  *See*, Dkt. No. 67.  While Plaintiff urges this Court to find the statute of limitations does not bar Plaintiff's claims against Defendant Mumey, the Amended Complaint indicates Defendant Mumey was "an employee and/or agent of Okmulgee County/OCCJA, who was, in part, responsible for overseeing Mr. Perry's health and well-being, and assuring that Mr. Perry's medical needs were met, during the time he was in custody of OCCJA."  Dkt. No. 19, at p. 3.  The Amended Complaint further indicates Plaintiff was transferred from OCCJA in September, 2011.  *Id.*, at p. 5.  Based upon these facts, this Court finds the latest date Plaintiff's claims could have accrued against Defendant Mumey occurred on the date of his release from the Okmulgee County Jail on or about September 28, 2011.  As a result, a lawsuit alleging federal constitutional violations should have been filed no later than September 28, 2013.  The complaint was not filed herein until August 10, 2015.  Therefore, this Court finds the statute of limitations prevents this Court exercising jurisdiction over Defendant Mumey.

Additionally, for the reasons set forth in the Order entered herein on May 13, 2016, this Court finds the state constititonal claim against Defendant Mumey is also barred by the statue of limitations.

For these reasons this Court finds this action should be dismissed with prejudice against Defendant Mumey.

It is so ordered on this 15th day of August, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma